UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIK ANTHONY ELLINGTON #191157,

       Plaintiff,

v.                                  Case No. 2:16-cv-230
                                        HON. ROBERT J. JONKER

GARY PARKKILA,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

      This is a civil rights action brought by state prisoner Erik Anthony Ellington pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendant Gary Parkkila retaliated against him in violation of the First Amendment by issuing him a Class I and a Class II misconduct ticket, as well as destroying his legal and personal property.  Defendant Parkkila moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) and asserts that he is entitled to qualified immunity.  (ECF No. 32).  Plaintiff has responded.  (ECF No. 41).  This matter is ready for decision.

      In his amended complaint, Plaintiff alleges that he arrived at Alger Correctional Facility (LMF) on August 20, 2015.  (ECF No. 21).  Defendant Parkkila was a unit officer at LMF.  In February 2016, Defendant Parkkila "continuously threatened, harassed and verbally abused" Plaintiff.  On March 20, 2016, Defendant Parkkila learned that Plaintiff had complained about him to another prison official.  Defendant Parkkila responded by writing a Class I misconduct ticket on Plaintiff for having bleach in his cell.  Plaintiff was subsequently found guilty of the misconduct and spent twenty-six days in segregation.  Once he was released from segregation, Defendant Parkkila started verbally harassing Plaintiff again.  On May 2, 2016, Defendant Parkkila wrote a

Class II misconduct ticket on Plaintiff for having a makeshift shelf rigged up in his cell. Plaintiff complained to other prison officials about Defendant Parkkila's retaliatory conduct, but the prison officials did not help him. Instead, the prison officials told Plaintiff to stop writing grievances and to take the five days loss of privileges stemming from the misconduct. On May 13, 2016, Defendant Parkkila threatened to kill Plaintiff and/or to plant a knife in Plaintiff's cell. Defendant Parkkila told Plaintiff that he could write all the grievances he wanted, but if he wanted to play that game, Defendant Parkkila would win. Following his work assignment on May 20, 2016, Plaintiff returned to his cell to find some of his legal and personal property destroyed. Plaintiff contends that Defendant Parkkila, as the unit officer, was the only person who had access to his cell.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones*, Inc., 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); cf. *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Parkkila asserts that he is entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In making a qualified immunity determination, the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 232. If the court can conclude that either no constitutional violation occurred or that the right was

not clearly established, qualified immunity is warranted.  The court may consider either approach without regard to sequence.  *Id.*

Plaintiff claims that Defendant Parkkila retaliated against him for his use of the grievance system by issuing him a Class I and a Class II misconduct ticket, as well as destroying his property.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.*

Defendant Parkkila first argues that the Class II minor misconduct ticket does not amount to an adverse action.  The adverseness inquiry is an objective one, and does not depend on how a particular plaintiff reacted.  The relevant question is whether the defendant's conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence.  *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original).  Although the adverseness inquiry is generally a question for the jury, some threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations.  *Thaddeus-X*, 175 F.3d at 398.  "When deciding whether the issuance of a misconduct ticket rises to the level of an adverse action, we look to both the punishment [the inmate] could have faced and the punishment he ultimately did face."  *Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018).  In *Maben*, the Sixth Circuit determined that a Class II minor misconduct ticket was more than a *de minimis* retaliatory act and could amount to an adverse action.  *Id.* at 267.  In making this determination, the court relied on the fact that the inmate was sanctioned seven days loss of privileges, but could have been

-4-

sanctioned to "'[t]oplock (confinement to quarters), not to exceed five days . . . .'; loss of privileges for up to 30 days; assignment of extra duty; and, restitution and/or disgorgement." *Id.* at 266 (citation omitted).  Similar to *Maben*, this case involves a Class II minor misconduct ticket in the Michigan Department of Corrections.  Although Plaintiff was only sanctioned five days loss of privileges, he could have received the same punishments discussed in *Maben*: toplock for up to five days; loss of privileges for up to thirty days; assignment of extra duty; and restitution and/or disgorgement.  (ECF No. 32-2, PageID.215).  Therefore, the undersigned finds that the issuance of the Class II misconduct ticket was more than a *de minimis* retaliatory act.

Defendant Parkkila next argues that the retaliation claims based upon the false misconduct tickets must be dismissed under the "checkmate doctrine."  However, the Sixth Circuit expressly rejected the so-called checkmate doctrine in *Maben* and held that "[a] finding of guilt at a prison misconduct hearing does not act as an absolute bar to a prisoner's First Amendment retaliation claim." 887 F.3d at 262.

Defendant Parkkila also argues that he lacked the requisite personal involvement in the destruction of Plaintiff's property.  To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law.  *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g.*, *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982). Here, in his verified amended complaint, Plaintiff alleged that on May 20, 2016, he "return[ed] from his work assignment and discovered that Defendant Parkkila, ha[d] succeeded at his threat

of destroying Plaintiff's personal and legal property, in retaliation of Plaintiff having filed grievance(s) against him." (ECF No. 21, PageID.150).  Furthermore, in a sworn affidavit, Plaintiff stated that Defendant, who was the unit officer, was "the only one who ha[d] access to open [his] room/cell by control booth, and there was a shakedown log created for the search of [his] cell/room."  (ECF No. 9, PageID.87).  In support of his argument that he was not personally involved, Defendant Parkkila submitted an unsigned affidavit,[1] stating that he "never retaliated against Plaintiff" and "never destroyed or otherwise damaged any of his property."  (ECF No. 33-7, PageID.235).   In the opinion of the undersigned, Plaintiff's allegations—including that Defendant Parkkila made previous threats and was the only individual with access to open Plaintiff's cell—are sufficient to show that Defendant Parkkila was personally involved in the alleged destruction of Plaintiff's property.

Because Plaintiff has presented sufficient evidence to establish a constitutional violation, the undersigned must also determine whether the right was clearly established at the time.  As of 2016, it was clearly established that a prisoner could not be retaliated against for filing grievances.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996).  The Sixth Circuit has held that a retaliatory cell search, the destruction of legal property, and the confiscation of food could amount to an adverse act.  *Bell v. Johnson*, 308 F.3d 594, 606-07 (6th Cir. 2002).  In addition, the Sixth Circuit recently stated: "we think that a reasonable prison officer would have been aware that issuing a misconduct ticket, even a minor misconduct ticket, in retaliation for the inmate's exercise of his First Amendment rights could give rise to constitutional liability."  *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018).  In

---

[1] In his brief, defense counsel stated that he would submit an executed affidavit (ECF No. 33, PageID.188), but an executed affidavit was never submitted to the Court.

the opinion of the undersigned, a reasonable prison officer would have been aware that writing false misconduct tickets and destroying Plaintiff's property in response to Plaintiff filing grievances could give rise to constitutional liability.  Therefore, the undersigned recommends that the Court deny Defendant Parkkila's request for qualified immunity.

Accordingly, it is recommended that Defendant Parkkila's motion for summary judgment (ECF No. 32) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  July 13, 2018

  /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE